IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE R. EDWARDS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. 09 C 6648 |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| United States Postal Service. | ) | |
|     Defendant. | ) | |

**MEMORANDUM AND ORDER**

    Joyce R. Edwards filed suit against Postmaster General John E. Potter alleging that the Post Office failed to provide reasonable accommodations in violation of § 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 791, *et. seq*. The Postal Service moves for summary judgment, arguing that Ms. Edwards' claim is untimely and, alternatively, non-meritorious. For the reasons stated below, the Postal Service's motion is granted.

**I.    Background**

    **A.    Local Rule 56.1**

    In opposing a motion for summary judgment, Edwards must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1. Local Rule 56.1(b)(3) requires a party opposing a motion for summary judgment to file:

> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

    The district court may require strict compliance with Local Rule 56.1. *See, e.g., Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). Accordingly, the court has only considered facts that are supported by the record. The court notes that this includes facts in Ms. Edwards' affidavit even though they are self-serving. *See Paz v. Wauconda Healthcare & Rehabilitation Centre, LLC*, 464 F.3d 659,

664-65 (7th Cir. 2006) (evidence presented in a "self-serving" affidavit can defeat a motion for summary judgment if it meets the usual requirements for evidence at the summary judgment stage). In addition, objections to statements of fact on relevance grounds are inappropriate, so the court will consider facts it deems relevant to the extent they are supported by the record. *See Keefe v. Mega Enterprises, Inc.*, No. 02 CV 5156, 2005 WL 693795, at *1 (N.D. Ill. Mar. 23, 2005).

**B.  Facts**

Joyce Edwards began employment with the Postal Service on February 17, 1996. When she began working at the Postal Service, Ms. Edwards was a clerk but in June of 2000 was promoted to the position of Supervisor of Distribution Operations at the Irving Park Road Processing and Distribution Center facility.

It is undisputed that while Ms. Edwards was employed by the Postal Service, she took at least one EEO course. Ms. Edwards submitted a declaration stating that she could not recall the date on which she attended the EEO course. The agency decision addressing Ms. Edwards' claim, however, states that postal records show that she participated in training course #18201-25 ("EEO Rights and Remedies) on June 5, 2006, and September 7, 2006, which covers "EEO complaint procedures and remedies available to the complainant if discrimination is found," including the right to a reasonable accommodation. Dkt. 62-1, Page ID#346. The Postal Service did not produce any documentation in this case regarding any EEO classes allegedly taken by Ms. Edwards.

Ms. Edwards saw EEO posters (specifically, the Postal Services' EEO Poster #72) displayed at the Irving Park facility while she was employed there. The posters stated that an employee must bring an EEO claim within 45 days of the date she becomes aware of an allegedly discriminatory act. Additionally, Ms. Edwards knew that some employees had been transferred to less physically demanding jobs when they were physically unable to perform their duties, including supervisors who were transferred to the Leave Control Office.

In 2001 or 2002, Ms. Edwards was diagnosed with peripheral neuropathy. This disorder affected her nerves and caused her pain, weakness, swelling, stiffness, cramps and numbness in her legs and feet. After her condition worsened in 2006 and 2007, Ms. Edwards requested jobs that did not require standing or walking for any prolonged periods of time. In addition, she asked her supervisor, JoAnn Davis, to be transferred to the Leave Control Office, but Ms. Davis told her there was no work there for her to do. Ms. Edwards also wrote letters to the Plant Manager and the Plant Supporting Manager asking if she could work in Plant Support, to no avail. Ms. Edwards felt it was "unfair" and "wrong" to deny her access to this kind of temporary light duty position given her medical condition. Dkt. 1 at Page ID#8-9.

Ms. Edwards' neuropathy progressed and by the middle of 2007, it became difficult and painful for her to stand, walk, and move around for any prolonged period. Beginning on July 2,

2007, Ms. Edwards took leave pursuant to the Family and Medical Leave Act due to complications from her peripheral neuropathy. Ms. Edwards worked sporadically from July to December of 2007, but each time she attempted to return to work, her neuropathy flared up and she needed to take additional leave.

In November of 2007, Ms. Edwards filed for disability retirement. She felt that she was forced to retire based on her disability because her employer left her no choice since she was not approved for an alternative position. Dkt. 1 at Page ID#8. On February 20, 2008, the U.S. Office of Personnel Management determined that Ms. Edwards was disabled from working as a Supervisor of Distribution Operations based on peripheral neuropathy. It thus approved her application for disability retirement. In connection with Ms. Edwards' application for disability, her supervisor, JoAnn Davis, submitted written documentation stating that Ms. Edwards was "absent from work" and that another employee had to be pulled from her assignment during this time, causing an increase in budget and overtime. Defendant Ex. A at 142. Specifically, she stated that "Ms. Edwards does not perform any elements of the job. Her absen[ce] was unpredictable then became lengthy to allow the job to be done. No action was taken because the employee requested FMLA." *Id*. at 1006.

Ms. Edwards accepted the disability from the Postal Service, which was effective February 28, 2008. Since June of 2008, Ms. Edwards has received social security disability payments.

On February 6, 2009, a year after Ms. Edwards was found to be disabled, she contacted an EEO counselor, alleged discrimination based on a physical disability, identified her disability as neuropathy, and asserted that the discrimination began in July of 2007 and ended when she retired in February of 2008. The EEO counselor interviewed Ms. Edwards on February 23, 2009, and Ms. Edwards filed an EEO complaint with the Postal Service on March 21, 2009, alleging discrimination based on a disability and failure to provide reasonable accommodation. In her complaint, she stated that her disability was peripheral neuropathy which caused extreme pain, weakness, swelling, stiffness, cramps and numbness in her legs and feet, making it hard for her to walk and move around in the workroom.

On March 25, 2009, the Postal Service issued a final agency decision dismissing Ms. Edwards' EEO complaint as untimely. Ms. Edwards filed a timely appeal with the EEOC, which affirmed the agency's decision on July 24, 2009. On October 21, 2009, Ms. Edwards filed a federal action claiming discrimination based on her disability and failure to provide reasonable accommodation in violation of § 501 of the Rehabilitation Act of 1973.

The parties pursued limited discovery relating to the timeliness of Ms. Edwards' claims. A representative of the USPS, Herman Bingham, was deposed and testified that EEO training was typically done from an employee's own work station, but that if an employee did not have a workstation, a supervisor would set up alternate training. Mr. Bingham also stated that he was not aware how the Irving Park facility sets up online EEO training for supervisors. Ms. Edwards,

on the other hand, asserts that she received EEO training in a classroom setting, but it did not include the right to a reasonable accommodation.

II.     **Discussion**

The Postmaster General asserts that it is entitled to summary judgment because Ms. Edwards' discrimination claim is untimely. Alternatively, the Postmaster General contends that the Post Office's actions complied with the Rehabilitation Act so Ms. Edwards' claims fail on the merits.

   A.   **Standard for A Motion For Summary Judgment**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992). A court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *Id*.

To successfully oppose a motion for summary judgment, however, the non-moving party must do more than raise a "metaphysical doubt" as to the material facts. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, it must demonstrate that a genuine issue of fact exists. *See id.* at 587; *see also* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact" the court may: "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order").

   B.   **The Statute of Limitations**

Ms. Edwards was required to initiate contact with an EEO counselor within 45 days of the alleged discrimination. *See* 29 C.F.R. 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action"); 29 C.F.R. § 1614.103(b)(3) (defining rules applicable to claims of discrimination brought by Postal Service employees). Ms. Edwards concedes that under these regulations, the agency was required to dismiss her claim of discrimination as untimely since she filed it several years after the statute of limitations had run. *See* 29 C.F.R. 1614.107(a)(2).

Ms. Edwards nevertheless argues that the doctrine of equitable tolling saves her claim. Under this doctrine, the 45-day statute of limitations can be tolled if the plaintiff shows that: (1)

she was not notified of the time limits and was not otherwise aware of them; (2) she did not know or reasonably should not have known that the discriminatory action occurred; (3) that despite due diligence she was prevented by circumstances out of her control from contacting the counselor within the 45-day time period; or (4) other reasons considered sufficient by the agency or the Commission entitle her to equitable tolling. 29 C.F.R. § 1614.l05(a)(2). For the following reasons, the court finds that Ms. Edwards' arguments about equitable tolling are unconvincing.

1.   **"Was Not Notified of the Time Limits and Was Not Otherwise Aware of Them"**

Ms. Edwards must first show that she was not notified of the time limits and was not otherwise aware of them. C.F.R. §1614.105(a)(2). Ms. Edwards admits that she saw EEO posters displayed at the Irving Park facility during her employment with the Postal Service stating that an employee must bring an EEO claim within 45 days of the date she becomes aware of an allegedly discriminatory act. However, she alleges that the posters do not inform employees that they are entitled to a reasonable accommodation if they become disabled.

The presence or absence of posters cannot, standing alone, determine whether the statute of limitations should be tolled. *Cano v. United States Postal Serv.*, 755 F.2d 221, 222-23 (1st. Cir. 1985) (per curiam). Instead, the Seventh Circuit looks to whether employees are sufficiently exposed to posters that provide notice of the 45-day time limit. *See Johnson v. Runyon*, 47 F.3d 911, 918 (7th Cir. 1995) ("In this case, our inquiry must focus on whether the *notification of time requirements* was reasonably geared to inform applicants and temporary employees of their rights under the Rehabilitation Act") (emphasis added); *see also Clark v. Runyon*, 116 F.3d 275, 277 n.3 (7th Cir. 1997) (where "posters giving notice of the forty-five day time limit" were displayed, "[t]estimony to the effect that [the plaintiff] and her coworkers did not see the EEO notices is not by itself sufficient to establish that the notices were not, in fact, posted").

Ms. Edwards does not contend that the posters were in a location where she would not "even think to read or observe them." *Johnson v. Runyon*, 47 F.3d at 919. Instead, she takes issue with the content of the posters and asserts that the Postal Service was required to advise her that she had a right to a reasonable accommodation so the notices about the 45-day time limitation were insufficient. As discussed above, however, this is at odds with Seventh Circuit precedent which focuses on notice of the 45-day time limitation.

The Postal Service also contends that even setting the posters aside, Ms. Edwards received EEO training while she was a supervisor that covered the statute of limitations and the right to a reasonable accommodation. Ms. Edwards concedes that she received EEO training but asserts that she was not told about her right to a reasonable accommodation. In finding her claim was time barred, the agency reasoned, "we find it hard to believe that a person who had worked for the agency for approximately 12 years and who had been promoted to a management level position did not know there was a time limitation for filing an EEO complaint . . . or that denial of reasonable accommodations was illegal." Dkt. 62-1 at Page ID#350.

So, was Ms. Edwards not notified of the time limits or otherwise not aware of them? She saw posters that provided sufficient notice, and disputes whether her training covered the right to a reasonable accommodation. The court finds that the information on the posters that Ms. Edwards admits she read provided adequate notice of the statute of limitations. Nevertheless, in the interests of completeness, the court will address the remaining prongs relating to equitable tolling.

### 2. "Did Not Know or Reasonably Should Not Have Known That the Discriminatory Action Occurred"

The court next considers whether Ms. Edwards did not know or reasonably should not have known that discriminatory action occurred. *See* 29 C.F.R. § 1614.l05(a)(2). Ms. Edwards saw posters about the 45-day rule and received at least some EEO training. She also knew that other employees with medical issues had been transferred to the Leave Control Office or light duty and felt it was "unfair" and "wrong" to deny her access to this kind of temporary light duty position given her medical condition. Dkt. 1 at Page ID#8-9. Based on this record, the court simply cannot find that a reasonable person in Ms. Edwards' shoes would not have known that she could pursue a complaint of discrimination. *See Casteel v. Executive Bd. of Local 703 of Intern. Broth. of Teamsters*, 272 F.3d 463, 467 (7th Cir. 2001) (equitable tolling was not available to employee claiming age discrimination based on the distribution of overtime because he knew about the distribution within the limitations period and had discussed it with co-workers). Ms. Edwards has thus failed to establish that the second equitable tolling factor favors her. The court will again, however, consider the remaining prongs in the interests of completeness.

### 3. "Despite Due Diligence She Was Prevented by Circumstances Out of Her Control from Contacting the Counselor Within the 45-day Time Period"

Ms. Edwards does not explain what circumstances prevented her from contacting a counselor within 45 days after her request for a light duty position was rebuffed. Ms. Edwards was aware of the problems she was having in the workplace due to her neuropathy, spoke to her supervisor multiple times about an alternative placement, and missed work frequently because of pain associated with her condition. She also knew that other employees with medical issues requiring light duty were transferred to other positions and offices. She also contends that she was forced to take disability because her employer would not allow her to work in a light duty position. Accordingly, she has not shown that circumstances beyond her control prevented her from contacting a counselor in a timely fashion. She thus cannot satisfy the third prong.

### 4. "Other Reasons Considered Sufficient by the Agency or the Commission"

The final prong for equitable tolling is a catch-all provision that allows the agency to consider the totality of the circumstances in a plaintiff's case. 29 C.F.R. § 1614.l05(a)(2). The parties do not address this prong and, in any event, the other prongs do not show that equitable tolling is appropriate.

The court finds, therefore, that Ms. Edwards is not entitled to equitable tolling. This means that her discrimination claim is untimely. Thus, the Postal Service's motion for summary judgment is granted and the court need not reach the parties' remaining arguments.

III.     **Conclusion**

For the above reasons, the Postal Services' motion for summary judgment [60] is granted. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket. The court also extends its sincere thanks to appointed counsel, Jonathan Strouse with Holland & Knight LLC, who was ably assisted by Michael Grill, also with Holland & Knight LLC. Both Mr. Strouse and Mr. Grill zealously represented Ms. Edwards' interests, submitted well-researched, cogent filings, and are commended for their efforts with respect to discovery and the motion for summary judgment.

DATE:   February 29, 2012

                                                    Blanche M. Manning
                                                    United States District Judge